UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE MARK TIPTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV1796 DJS |
| ) | (FRB) |
| JAMES PURKETT,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Tyrone Mark Tipton's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On October 22, 2001, in three separate causes of action pending in the Circuit Court of St. Louis County, Missouri, petitioner pled guilty, in toto, to two counts of Burglary Second Degree and three counts of Stealing. (Resp. Exh. 2 at 18-46.) On December 6, 2001, petitioner was sentenced as a prior and persistent offender to various concurrent and consecutive terms of

---

[1]Petitioner is incarcerated at the Crossroads Correctional Center (CCC) in Cameron, Missouri. Inasmuch as Larry Denney is Superintendent of CCC, he should be substituted for James Purkett as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

imprisonment aggregating thirty years.[2]  (Resp. Exh. 3.) Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing.  (Resp. Exh. 5.)  On December 16, 2003, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief.  <u>Tipton v. State</u>, 122 S.W.3d 715 (Mo. Ct. App. 2003) (per curiam).  The instant petition for writ of habeas corpus, signed and verified by petitioner on November 8, 2004, was filed in this Court on December 23, 2004, upon its receipt by the Clerk of Court.

Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri.  In the instant petition, petitioner raises four claims for relief:

1) That petitioner's guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as the public defender's office continued to represent petitioner despite an actual conflict of interest in doing so, thereby preventing petitioner from preparing a viable defense;

2) That petitioner's guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as the trial court failed to permit petitioner to represent himself, despite his request to do so;

3) That petitioner's guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as he entered such pleas only after being threatened with a 100-year sentence if he were to proceed to trial; and

---

[2]Inasmuch as petitioner is challenging a sentence to be served in the future, Missouri Attorney General Jeremiah "Jay" Nixon should be added as a proper party respondent. Rule 2(b), Rules Governing Section 2254 Cases in United States District Courts.

> 4) That petitioner's twenty-year sentences for Class C felonies exceeded the maximum sentence a person could receive without being adjudicated guilty by a jury after trial.

In response, respondent argues that the claims raised in Grounds 1, 3 and 4 of the petition are procedurally barred from federal habeas review inasmuch as petitioner failed to properly raise the claims in state court. Respondent contends that the claim raised in Ground 2 is without merit and should be denied.

## I. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of

justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows petitioner's claims for relief to be exhausted either because petitioner has properly raised the claims in state court or has no available non-futile state remedy by which he could now pursue his claims.

## II. Procedural Default

In Ground 1, petitioner claims that his guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as he was represented by an attorney from the public defender's office which performed under an actual conflict of interest in its representation. In Ground 3, petitioner claims that his guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as he was threatened with a 100-year sentence if he were to proceed to trial. Finally, in Ground 4, petitioner claims that his sentence exceeded the maximum sentence allowed in the circumstances of his case. A review of the record shows that petitioner raised these claims in his motion for post-conviction relief, but failed to raise the claims on appeal of the denial of

the motion.  (Resp. Exh. 5 at 4-6, 25-33; Exh. 6.)

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citing Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).  "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review."  Id. (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)); see also Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996).  Because petitioner failed to raise the claims raised in Grounds 1, 3 and 4 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claims absent a showing of cause and prejudice or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to raise these claims on post-conviction appeal in state court.  Nor has petitioner made a claim of actual innocence.  As such, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998) (where petitioner does not assert actual innocence, court does not

consider any such claim).

Therefore, the claims raised in Grounds 1, 3 and 4 of the instant petition are procedurally barred from federal habeas review and should be denied.

### III. Claim Addressed on the Merits

In Ground 2 of the instant petition, petitioner claims that his guilty pleas were not knowingly, intelligently or voluntarily made inasmuch as the trial court failed to permit petitioner to represent himself, despite his request to do so. Petitioner raised this claim in his post-conviction motion and on appeal of the denial thereof. Upon review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief.

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the

Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

The undersigned notes that on appeal, the Missouri Court of Appeals affirmed the denial of petitioner's post-conviction motion in a cursory manner finding that an extended opinion would be of no precedential value. This Court is therefore without the benefit of any analysis by which the Missouri Court of Appeals made its determination that petitioner was not entitled to relief on the claim properly brought before it. However, the absence of any legal analysis by the state court "does not mean that [petitioner] is necessarily entitled to habeas relief[.]" Huss v. Graves, 252 F.3d 952, 956 (8th Cir. 2001). Relief may be granted only if the decision of the state court is "substantially different" from what the decision would have been if that court had used the appropriate legal standard as established by the United States Supreme Court. Id. (quoting Williams, 529 U.S. at 405). As such, this Court must apply such established Supreme Court precedent to the facts of this case to determine whether petitioner is entitled to relief on his

claim. Id.

A review of the record shows that petitioner proceeded before the Circuit Court of St. Louis County on three separate criminal causes of action, Cause Nos. 99CR-4625, 00CR-1315 and 00CR-4456. In Cause Nos. 00CR-1315 and 00CR-4456, petitioner was represented by an attorney from the public defender's office. In the third cause of action, Cause No. 99CR-4625, petitioner proceeded with retained counsel. In Cause No. 00CR-1315, a case in which petitioner was represented by the public defender, petitioner requested that he be permitted to proceed in the cause pro se. On January 11, 2001, the court conducted a hearing on the motion. (Resp. Exh. 1.) The matter was presently set for trial on January 16, 2001. (Id. at 10; Resp. Exh. 4 at 20.) At the hearing, petitioner requested that he be permitted to proceed pro se in the case or that the court appoint other counsel, contending that the public defender's office had a conflict of interest in representing him. (Resp. Exh. 1.) Petitioner stated to the court that he would rather proceed pro se than continue with an attorney from the public defender's office. (Id. at 6.) The court denied petitioner's request (id. at 7-8), and the matter was continued to April 13, 2001 (Resp. Exh. 4 at 21).

After a series of continuances, Cause No. 00CR-1315 was ultimately set for trial on October 22, 2001. Prior to the selection of the jury, petitioner requested a continuance in the matter stating that his family was attempting to retain private

counsel to represent him. (Resp. Exh. 2 at 11-13.) The request for continuance was denied. (Id. at 15.) After a recess, during which the court sent for the venire panel, petitioner determined to enter guilty pleas to all counts charged in the three pending criminal causes of action. (Id. at 17-43.) At the plea proceeding, petitioner was represented by retained counsel in Cause No. 99CR-4625; and by the public defender's office in the remaining two causes of action, Cause Nos. 00CR-1315 and 00CR-4456. (Id. at 18.) Petitioner now claims that the trial court erred in denying his request to proceed pro se and that his guilty pleas were therefore rendered involuntary inasmuch as he entered them only because he was forced to continue with the public defender.

At the time petitioner's conviction became final, the law was clearly established that a criminal defendant has an absolute right under the Sixth Amendment to be represented by counsel or to represent himself, if he so chooses. Faretta v. California, 422 U.S. 806, 807 (1975). When an accused manages his own defense, however, he relinquishes many of the traditional benefits associated with the right to counsel. Id. at 835. As such, in order for a defendant to represent himself, the defendant must knowingly and intelligently forgo those relinquished benefits, and unequivocally waive his right to counsel. Id.; Hamilton v. Groose, 28 F.3d 859, 861 (8th Cir. 1994).

The right to self-representation is not absolute. Martinez v. Court of Appeal of Cal., 528 U.S. 152, 161 (2000).

"Once the defendant makes a 'clear and unequivocal' request to represent himself, a court may nonetheless deny the request in certain circumstances." United States v. Edelmann, 458 F.3d 791, 808 (8th Cir. 2006) (citing Martinez, 528 U.S. at 162). "Trial courts must be allowed 'to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel.'" Id. at 809 (quoting United States v. Frazier-El, 204 F.3d 553, 560 (4th Cir. 2000) (holding that the district court was justified, when confronted with the defendant's "vacillation between his request for substitute counsel and his request for self-representation," in determining that the defendant proceed with appointed counsel)).

In denying petitioner's motion for post-conviction relief in this cause, the trial court made the factual finding that petitioner's request to proceed pro se was equivocal. (Resp. Exh. 5 at 44-45.) See Hamilton, 28 F.3d at 862 (court's finding of equivocation is finding of fact). Inasmuch as petitioner does not rebut this factual finding by clear and convincing evidence, it is presumed to be correct. 28 U.S.C. § 2254(e)(1). Nevertheless, a review of the record supports this finding. Petitioner hesitated between his request to represent himself, his request that he be appointed other counsel, and his request that he be granted additional time to retain private counsel. Such ambiguity in petitioner's request supports the trial court's conclusion that petitioner was not unequivocally waiving his right to counsel and,

further, that he should continue to proceed with counsel. Hamilton, 28 F.3d at 862; see also United States v. Webster, 84 F.3d 1056, 1062-63 (8th Cir. 1996).

> A defendant who vacillates at trial places the trial court in a difficult position because it "must 'traverse . . . a thin line' between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995) (en banc) (quoting Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990)). In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a "constitutional primacy" to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation. [United States v. ]Singleton, 107 F.3d [1091,] 1102 [(4th Cir. 1997)]; see also id. at 1096; Fields, 49 F.3d at 1029; United States v. Gillis, 773 F.2d 549, 559 (4th Cir. 1985).

Frazier-El, 204 F.3d at 559 (cited approvingly in Edelmann, 458 F.3d at 809).

Here, in the absence of an explicit and unequivocal waiver of petitioner's right to counsel, it cannot be said that petitioner was denied his Sixth Amendment right to represent himself. Hamilton, 28 F.3d at 863.

Therefore, for the foregoing reasons, the Court finds the decision of the state court in denying petitioner relief on this Sixth Amendment claim, albeit cursory, not to be "substantially different" from what the decision would have been if that court had

used the appropriate legal standard as established by the United States Supreme Court.  The claim raised in Ground 2 of the instant petition should therefore be denied.  <u>Huss</u>, 252 F.3d at 956.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Larry Denney, Superintendent of Crossroads Correctional Center, be substituted for James Purkett as proper party respondent.

**IT IS FURTHER RECOMMENDED** that Missouri Attorney General Jeremiah "Jay Nixon," be added as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner Tyrone Mark Tipton's petition for writ of habeas corpus (Docket No. 2) be dismissed without further proceedings.

The parties are advised that they have to and including **November 16, 2007,** by which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE


Dated this  *5th*  day of November, 2007.