UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TYRONE MARK TIPTON,                )
                                   )
                Petitioner,        )
                                   )
        vs.                        )        No. 4:04CV1796-DJS
                                   )
JAMES PURKETT,                     )
                                   )
                Respondent.        )

## ORDER

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #16], recommending dismissal of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and petitioner Tyrone Mark Tipton's objections thereto [Doc. #17]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which petitioner objects. Upon careful consideration, the Court will overrule the objections and adopt the magistrate judge's report and recommendation.

## Background

On October 22, 2001, in three separate cases pending in the Circuit Court of St. Louis County, Missouri, petitioner pled guilty, in toto, to two counts of burglary second degree and three counts of stealing. On December 6, 2001, petitioner was sentenced as a prior and persistent offender to various concurrent and consecutive terms of imprisonment aggregating thirty years.

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing. On December 16, 2003, the Missouri Court of Appeals summarily affirmed the denial of post-conviction relief. See Tipton v. State, 122 S.W.3d 715 (Mo. App. 2003) (per curiam). Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri.

## **Instant Petition**

The instant petition for writ of habeas corpus, signed and verified by petitioner on November 8, 2004, was filed in this Court on December 23, 2004. Petitioner raises four bases for relief pursuant to 28 U.S.C. §2254:

1. That petitioner's guilty pleas were not knowingly, intelligently, or voluntarily made inasmuch as the public defender's office continued to represent petitioner despite an actual conflict of interest in doing so, thereby preventing petitioner from preparing a viable defense;

2. That petitioner's guilty pleas were not knowingly, intelligently, or voluntarily made inasmuch as the trial court failed to permit petitioner to represent himself, despite his request to do so;

3. That petitioner's guilty pleas were not knowingly, intelligently, or voluntarily made inasmuch as he entered

such pleas only after being threatened with a 100-year sentence if he were to proceed to trial; and

4.  That petitioner's twenty-year sentences for Class C felonies exceeded the maximum sentence a person could receive without being adjudicated guilty by a jury after trial.

The magistrate judge issued a report and recommendation on November 5, 2007. The report and recommendation states that, as to all four claims, petitioner has exhausted his state court remedies, either because petitioner had raised the claims in state court or because he has no available non-futile state remedy by which he could now pursue his claims. However, the report and recommendation states that claims 1, 3, and 4 are procedurally barred from federal habeas review because such claims were not raised in his state court appeal of the denial of his post-conviction motion. Further, with regard to petitioner's second claim, the report and recommendation states that in the absence of an explicit and unequivocal waiver of petitioner's right to counsel, it cannot be said that petitioner was denied his Sixth Amendment right to represent himself, and recommends dismissal of the claim.

## Petitioner's Objections

Petitioner raises two objections to the magistrate judge's report and recommendation. First, petitioner objects to the dismissal of claims 1, 3, and 4 on procedural grounds.

Petitioner states that, although he requested that his attorney raise those claims in his state court appeal of the denial of his post-conviction motion, the attorney did not include those claims of error in her appellate brief.

Second, petitioner objects to the dismissal of claim 2. Petitioner argues that, since he informed the trial court early on in the proceedings of his intention to proceed pro se, the trial court had a duty to inquire into petitioner's dissatisfaction with his appointed counsel. Petitioner's objections are addressed below.

## A. Procedural Default

The report and recommendation properly analyzes the procedural default of claims 1, 3, and 4. Pursuant to §2254, a habeas petitioner must satisfy the related but distinct doctrines of exhaustion of state remedies and procedural default.[1] As to the latter, under the doctrine of procedural default:

> A default under a state procedural rule bars
> consideration of a federal claim presented to
> the state courts if the last state court to
> review the claim specifically rested its
> decision on an adequate and independent state
> ground unless the petitioner can demonstrate
> either cause and prejudice, or a "fundamental
> miscarriage of justice."

Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 260-63 (1989)). "Cause" in this context

---

[1]The magistrate judge found petitioner's claims for relief to be exhausted, and respondent has not objected to that finding. As such, this Court will not conduct an independent exhaustion analysis.

generally requires "some objective factor external to the defense" which impeded counsel's ability to preserve the claim through the appellate process. Murray v. Carrier, 477 U.S. 478, 488 (1986). Failure to persist in the advancement of a claim through appeal of a post-conviction motion creates a procedural bar to federal habeas corpus consideration. Gilmore v. Armontrout, 861 F.2d 1061, 1064-65 & n.8 (8th Cir. 1988); see also Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (finding that a claim must be presented at each step of the judicial process in state court to avoid procedural default). Absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice," a claim that is procedurally barred must be dismissed. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although not stated as such, because petitioner objects on the basis that his counsel failed to include arguments in his state court appeal of the denial of his post-conviction motion, the Court will construe petitioner's argument as one of ineffective assistance of appellate counsel. There exists no constitutional right to counsel in state post-conviction proceedings, and a claim of ineffective assistance of such counsel cannot form the basis for habeas corpus relief. See, e.g., Coleman, 501 U.S. at 752-53; Rehbein v. Clarke, 94 F.3d 478, 484 (8th Cir. 1996); Bruns v. Thalacker, 973 F.2d 625, 630 (8th Cir. 1992). Neither can ineffective assistance of post-conviction counsel serve as cause to

excuse a procedural default. <u>See</u> <u>Coleman</u>, 501 U.S. at 752–53 ("[Petitioner] contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore [petitioner] must 'bear the risk of attorney error that results in a procedural default.'"); <u>Lamp v. Iowa</u>, 122 F.3d 1100, 1104 (8th Cir. 1997). Petitioner does not object to the finding that he failed to raise claims 1, 3, and 4 of the instant petition in his state court appeal of the denial of his post-conviction motion, and the Court finds that claims 1, 3, and 4 are procedurally defaulted.

The Court now turns to whether petitioner can overcome the procedural default; that is, whether petitioner has shown cause and prejudice, or made a demonstration that failure to consider his claims will result in a fundamental miscarriage of justice. As stated above, petitioner's explanation that it was his attorney's failure to include claims 1, 3, and 4 in his state court appeal of the denial of his post-conviction motion cannot serve as a cause to excuse procedural default. Further, as with his §2254 petition, petitioner's statement of objections does not make a claim of actual innocence. Accordingly, the Court cannot consider any claim of a fundamental miscarriage of justice. <u>See</u> <u>O'Rourke v. Endell</u>, 153 F.3d 560, 566 (8th Cir. 1998).

Petitioner does not dispute that claims 1, 3, and 4 were not raised in his state court appeal of the denial of his post-conviction motion, and the Court finds that such claims are

procedurally barred.  Further, since petitioner has not shown cause and prejudice, or a resulting fundamental miscarriage of justice, the Court will adopt the magistrate judge's recommendation to dismiss claims 1, 3, and 4.[2]

**B. Pro Se Representation**

As stated above, petitioner does not dispute the magistrate judge's conclusion that petitioner never explicitly and unequivocally waived his right to counsel.  Rather, petitioner states that at trial he requested but was denied a continuance to retain private counsel, and was forced by the trial court into accepting the representation of his court-appointed attorney.

The report and recommendation properly analyzes petitioner's second claim for relief.  A criminal defendant's "Sixth Amendment right to the assistance of counsel includes the related right to waive counsel and conduct his own defense." Page v. Burger, 406 F.3d 489, 494 (8th Cir. 2005) (citing Faretta v. California, 422 U.S. 806 (1975)).  However, the right to self-representation "is not absolute." United States v. Edelmann, 458 F.3d 791, 808 (8th Cir. 2006) (citing Martinez v. Court of Appeal of Cal., 528 U.S. 152, 161 (2000)).  A defendant must make

---

[2]Petitioner also asserts that claim 4 is a jurisdictional issue that can be raised any stage in the proceedings.  However, it appears that petitioner makes this claim pursuant to state law.  Because the Court cannot say that petitioner's sentence was contrary to or involved an unreasonable application of any clearly established federal law, as determined by the Supreme Court of the United States, the petition for habeas corpus relief cannot succeed.  See Hill v. Hopkins, 245 F.3d 1038, 1040-41 (8th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1)).

a "clear and unequivocal" request to invoke his right to represent himself. Id. In making the determination whether a defendant has unequivocally asserted his right to represent himself, a trial judge must "'indulge in every reasonable presumption against a defendant's waiver of his right to counsel.'" United States v. Webster, 84 F.3d 1056, 1062 (8th Cir. 1996) (quoting Hamilton v. Groose, 28 F.3d 859, 862 (8th Cir. 1994)). "The particular requirement that a request for self-representation be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings on the benefits of self-representation." United States v. Frazier-El, 204 F.3d 553, 559 (4th Cir. 2000) (quotations omitted).

The Court has conducted a de novo review of the issue, and finds that the reasons relied upon by the magistrate judge — (1) petitioner's failure to rebut the trial court's factual finding that petitioner's request to proceed pro se was equivocal; and (2) petitioner's hesitation between his request to represent himself, his request that he be appointed other counsel, and his request that he be granted additional time to retain private counsel — are both, in and of themselves, sufficient grounds to deny relief on claim 2 of the petition.

Moreover, the Court notes that petitioner's own objection does not demonstrate that his request to proceed pro se was unequivocal, but rather further illustrates his vacillation between having an attorney and continuing pro se. In his statement of

objections to the magistrate judge's report and recommendation, petitioner argues that,

> [T]he trial court denied the request for substitute counsel; denied petitioner's request for a continuance to secure outside counsel notwithstanding retained counsel represented petitioner in one case; and the trial court denied petitioner the right to proceed pro se by placing him in the untenable position of trial with an attorney he believes to be acting under a conflict of interest...or proceed as a layperson, untrained in the law.

Doc. #17, p. 4. Petitioner's argument establishes that he was not unambiguously attempting to proceed pro se, and buttresses the trial court judge's, the magistrate judge's, and this Court's conclusion that his request to proceed pro se was equivocal. See Frazier-El, 204 F.3d at 559 ("In ambiguous situations created by a defendant's vacillation or manipulation, we must ascribe a 'constitutional primacy' to the right to counsel because this right serves both the individual and collective good, as opposed to only the individual interests served by protecting the right of self-representation."). Accordingly, the Court will adopt the magistrate judge's recommendation to deny relief on claim 2.

## Conclusion

This Court has conducted a de novo review of those portions of the report and recommendation to which petitioner objects. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's objections to the report and

recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #17] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #16] is hereby accepted and adopted.

Dated this ____14th_____ day of March, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE